UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. JAY JOSHI and NATIONAL PAIN CENTERS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO. and DOES 1-10, <br><br> Defendants. | Case No. 1:18-cv-03626 <br><br> **COMPLAINT** <br><br> **JURY DEMANDED** |

Now come the Plaintiffs, DR. JAY JOSHI ("Joshi") and NATIONAL PAIN CENTERS, LLC ("NPC"), by and through their attorneys, and for their Complaint against the Defendants, WALGREEN CO. ("Walgreen") and DOES 1-10, Plaintiffs allege and state as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants, in negligently, knowingly and/or willfully placing, through its agent(s), sales, solicitation and/or other telephone calls to Plaintiffs' "telephone facsimile machine" in violation of the TCPA, thereby causing Plaintiffs to incur the costs of receiving unsolicited advertisement messages via "telephone facsimile machines," interrupting Plaintiffs' business, and invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

3. This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1337(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District, Defendants regularly conduct business throughout this District, Plaintiff Joshi resides within this District, and Plaintiff NPC operates its business within this District.

## PARTIES

5. Plaintiff Joshi is an individual who was at all times residing in Deer Park, Illinois.

6. Plaintiff NPC is a limited liability company of the State of Illinois which has its principal place of business in Vernon Hills, Illinois.

7. On information and belief, Defendant Walgreen is a corporation of the State of Illinois, which has its principal place of business in Deerfield, Illinois.

8. On information and belief, at all times relevant hereto, Defendant Walgreen was engaged in the marketing and sale of pharmaceuticals, and other related goods and services, throughout the United States, including within the Northern District of Illinois.

9. Plaintiffs are both a "person" as defined in 47 U.S.C. § 153(39).

10. Defendant Walgreen is a "person" as defined in 47 U.S.C. § 153(39).

11. The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged

herein. Plaintiffs will seek leave of Court to amend their complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

12. Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

13. During or about August of 2011, if not earlier, Defendant Walgreen began sending facsimile communications to Plaintiffs' facsimile telephone number, (847) 701-3300.

14. The purpose of these facsimile communications was to solicit NPC, and its doctors, including Joshi, to write new prescriptions for their patients, thereby encouraging the sale of prescription drugs by Walgreen. A sample of one such facsimile transmission sent by Walgreen to Plaintiffs is attached hereto as Exhibit A.

15. The prescriptions for which these facsimile communications were sent were originally written so as not to allow Plaintiffs' patients to obtain refills. The prescriptions were written in this manner for good reason, as many of them were written for controlled substances, including but not limited to dangerous opioid pain medications.

16. These facsimile communications have at times been sent by Defendants to Plaintiffs several times in a given day.

17. Said facsimile communications constituted "telephone solicitations" as defined by the TCPA, 47 U.S.C. § 227(a)(4) and "unsolicited advertisements" as defined by the TCPA, 47 U.S.C. § 227(a)(5).

18. Defendant Walgreen used a "telephone facsimile machine" as defined by 47 U.S.C. § 227(a)(3) to place its calls to Plaintiffs.

19. Defendants' calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

20. Plaintiffs did not voluntarily communicate their facsimile telephone number directly to Defendants within the context of an "established business relationship," as defined in 47 CFR § 64.1200(f)(5).

21. Accordingly, Defendants never received Plaintiffs' "prior express consent" to receive calls using a telephone facsimile machine pursuant to 47 U.S.C. § 227(b)(1)(C).

22. As a result of Defendants' acts and omissions outlined above, Plaintiffs have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

   a. Invasion of privacy;

   b. Intrusion upon and occupation of the capacity of Plaintiffs' telephone lines;

   c. Wasting the time of Plaintiffs' doctors and other employees;

   d. Discouraging follow-up visits by Plaintiffs' patients, thereby reducing Plaintiffs' revenue;

   e. Increasing Plaintiffs' overhead costs (e.g. monitoring refills, refill requests, faxes, phone calls, etc.);

   f. Disrupting Plaintiffs' daily workflow;

      g.     Increasing risk to Plaintiffs and their patients;

      h.     Reducing Plaintiffs' ability to monitor their patients, which is the fundamental purpose of a medical practice; and

      i.     Reducing Plaintiffs' patients' satisfaction due to confusion caused by the unsolicited refill requests.

23. Defendants' facsimile telephone calls to Plaintiffs as describe above violated 47 U.S.C. § 227(b)(1)(C).

## COUNT I
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 23 above as if reiterated herein.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200.

26. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

27. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 27 above as if reiterated herein.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200.

30. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of up to $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

31. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III
## TORTIOUS INTERFERENCE WITH A
## BUSINESS RELATIONSHIP OR EXPECTANCY

32. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 31 above as if reiterated herein.

33. Plaintiffs have business relationships with their patients.

34. Plaintiffs have a reasonable expectation of continuing such business relationships with their patients and of entering into new business relationships with new patients.

35. Defendants know that Plaintiffs have business relationships with their patients.

36. Defendants know that Plaintiffs have a reasonable expectation of continuing such business relationships with their patients and of entering into new business relationships with new patients.

37. Defendants' unsolicited facsimile communications described above were purposefully sent to increase Defendants' profits by directing prescription requests to Walgreen pharmacies, as opposed to other pharmacies.

38. Defendants' unsolicited facsimile communications described above have caused harm to Plaintiffs which includes, but is not limited to the following:

   a. Invasion of privacy;

   b. Intrusion upon and occupation of the capacity of Plaintiffs' telephone lines;

   c. Wasting the time of Plaintiffs' doctors and other employees;

   d. Discouraging follow-up visits by Plaintiffs' patients, thereby reducing Plaintiffs' revenue;

   e. Increasing Plaintiffs' overhead costs (e.g. monitoring refills, refill requests, faxes, phone calls, etc.);

   f. Disrupting Plaintiffs' daily workflow;

   g. Increasing risk to Plaintiffs and their patients;

   h. Reducing Plaintiffs' ability to monitor their patients, which is the fundamental purpose of a medical practice; and

   i. Reducing Plaintiffs' patients' satisfaction due to confusion caused by the unsolicited refill requests.

## COUNT IV
## TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

39. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 38 above as if reiterated herein.

40. Plaintiffs have valid and enforceable contracts with their patients.

41. Defendants know that Plaintiffs have valid and enforceable contracts with their patients.

42. Defendants' unsolicited facsimile communications described above were purposefully sent to increase Defendants' profits by directing prescription requests to Walgreen pharmacies, as opposed to other pharmacies, and to induce Plaintiffs to approve such refills without office visits which allow them to properly monitor their patients.

43. Defendants' unsolicited facsimile communications described above resulted in multiple instances of a breach of Plaintiffs' contractual relationships with their patients, as a reduction in office visits reduces Plaintiffs' ability to monitor their patients, which is the fundamental purpose of a medical practice.

44. Defendants' unsolicited facsimile communications described above have caused harm to Plaintiffs which includes, but is not limited to the following:

  a. Invasion of privacy;

  b. Intrusion upon and occupation of the capacity of Plaintiffs' telephone lines;

  c. Wasting the time of Plaintiffs' doctors and other employees;

  d. Discouraging follow-up visits by Plaintiffs' patients, thereby reducing Plaintiffs' revenue;

  e. Increasing Plaintiffs' overhead costs (e.g. monitoring refills, refill requests, faxes, phone calls, etc.);

f. Disrupting Plaintiffs' daily workflow;

g. Increasing risk to Plaintiffs and their patients;

h. Reducing Plaintiffs' ability to monitor their patients, which is the fundamental purpose of a medical practice; and

i. Reducing Plaintiffs' patients' satisfaction due to confusion caused by the unsolicited refill requests.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendants as follows:

a. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

b. Judgment against Defendants in an amount of up to $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

c. Judgement against Defendants for all actual damages caused by Defendants' tortious interference with Plaintiffs' business relationships, business expectancies, and/or contractual relationships;

d. An order for injunctive relief prohibiting such conduct by Defendants in the future;

e. Judgment against Defendants for Plaintiffs' court costs and other litigation costs; and

f. Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action which are so triable.

RESPECTFULLY SUBMITTED,

DR. JAY JOSHI and NATIONAL PAIN CENTERS, LLC

By: /s/ David B. Levin
     Attorney for Plaintiffs
     Illinois Attorney No. 6212141
     Law Offices of Todd M. Friedman, P.C.
     333 Skokie Blvd., Suite 103
     Northbrook, IL 60062
     Phone: (224) 218-0882
     Fax: (866) 633-0228
     dlevin@toddflaw.com

**EXHIBIT A**



## Prescription Refill Request

399 S US HIGHWAY 45
LINDENHURST, IL 60046
Tel: 847-356-2066  Fax: 847-356-2194

Date: 06/09/2017                                        Time: 11:01 AM

### Prescriber Information:

| | | |
|---|---|---|
| Physician: | JAY JOSHI | Phone: 847-701-3250 |
| Address: | 2500 W HIGGINS RD | Fax: 847-701-3300 |
| | HOFFMAN ESTATES, IL 60169 | DEA #: ▮▮▮ |

### Patient Information:

| | | |
|---|---|---|
| Patient: | ▮▮▮ | Birthdate: ▮▮▮ |
| Address: | ▮▮▮ | Med Record #: ▮▮▮ |
| | | Phone: ▮▮▮ |

### Prescription Information:

| | | |
|---|---|---|
| Rx Number: | ▮▮▮ | Requested P/U Time: ▮▮▮ |
| Drug: | GRALISE 600MG (GABAPENTIN ER)TABLET | Prescribed Qty: 90 |
| Generic For: | | Last Refill: ▮▮▮ |
| Sig: | TAKE 3 TABLETS BY MOUTH AT DINNER TIME | |

❏ Denied _____

❏ **If there are NO changes to the Rx please circle TOTAL # of Authorized Refills:**

   PRN  6  5  4  3  2  1
   _____

❏ **Authorized as a 90 day supply PLUS # of additional Refills:**

   PRN  3  2  1  0

**If there ARE changes to the Rx please check box and write in changes.**

❏ Drug: _____
❏ Directions: _____
   _____
   _____
   _____
❏ Refills: _____  ❏ Qty: _____

Authorized by: _____    _____

   ❏ May Not Substitute                                   ❏ May Substitute

**Please fax back to Walgreens at: 847-356-2194**

This communication is intended for the use of the person or entity to whom it is addressed and may contain information that is privileged and confidential, the disclosure of which is governed by applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this information is STRICTLY PROHIBITED. If you have received this message in error, please notify sender immediately.

